## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN STEVENS,** | : | |
| **Plaintiff,** | : | **Civil Action No.:** |
| | : | |
| **vs.** | : | |
| | : | |
| **JESSI SULLUM,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **LACKAWANNA COUNTY** | : | |
| | : | |
| **and** | : | |
| | : | |
| **D.A. MARK POWELL,** | : | |
| **A.D.A. JUDY PRICE,** | : | |
| **DETECTIVE MICHELLE MANCUSO,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **DETECTIVE CHRIS KOLCHARNO, in their** | : | |
| **Individual and Official capacities** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

## I.  INTRODUCTION

1.      This action for declaratory, injunctive and other appropriate relief is brought by Plaintiff John Stevens to redress the intentional violations by Defendants above named and other of the rights secured to him by the laws of the United States of America.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this court by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3.     Jurisdiction over the state law claims is based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4.     The amount in controversy exceeds one hundred and fifty thousand dollars ($150,000).

### III. VENUE

5.     All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and involve Defendant who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

### IV. PARTIES

6.     Plaintiff, John Stevens, resides within the county limits of Lackawanna County, Pennsylvania.

7.     Defendant, Jessi Sullum, is an individual located at 120 North State Street, Clarks Summit, PA, 18411

8.     Defendnat, Judy Price, is the First Assistant District Attorney of Lackawanna County with the offices located at 135 Jefferson Ave, Scranton, PA 18503.

9.     Defendant, Mark Powell, is the District Attorney of Lackawanna County with the offices located at 135 Jefferson Ave, Scranton, PA 18503. Powell is a policy maker in Lackawanna County and is responsible for the training and customs within the district attorney's office.

10.     Defendant, Chris Kolcharno, is a detective with the Lackawanna County District Attorney's Office located at 135 Jefferson Ave, Scranton, PA 18503.

11.     Defendant, Michelle Mancuso, is a detective with the Lackawanna County District Attorney's Office located at 135 Jefferson Ave, Scranton, PA 18503.

## V.  FACTS

**A.      Plaintiff, John Stevens and Defendant, Jessie Sullum, Flirt Over Text and Online Messaging**

12.      On or about January 24, 2018, Defendant, Jessie Sullum initiated a conversation on Facebook private messenger with Plaintiff, Dr. John Stevens D.C., a prominent and well known chiropractor, after Sullum met Stevens at a social gathering.

13.      Over the course of several months, Sullum and Stevens frequently corresponded via facebook during which time Sullum repeatedly asked Stevens if he would adjust her.

14.      On or about March 21, 2018, Sullum made a formal appointment through Plaintiff's receptionist and presented to Stevens Chiropractic, Plaintiff's chiropractic office, for chiropractic treatment.

15.      Following her March 21, 2018 visit, Sullum messaged Stevens and stated "I'll wear yoga pants next time so you can stretch me."

16.      On March 22, 2018, Sullum messaged Stevens and asked, "do you do massages, LOL?"

17.      Stevens responded, "Depends on who."

18.      The messaging continued over the next several days with Sullum saying, "You're sweet," and "you're good, I can tell."

19.      On March 25, 2018, Sullum messaged Stevens, saying, "You're so hot."

20.      On March 27, 2018, Sullum texted Stevens on his cell phone and if she could come in for a massage.  Stevens chiropractic office <u>was closed</u> on Tuesday, March 27th; however, Stevens was at his office catching up on paper work.

21.      Although his office was closed, Stevens agreed to give Sullum a massage, and she replied "Can I take my clothes off, LOL."

**B.    Sullum and Stevens Have Consensual Sexual Encounter; Sullum Falsely Alleges Coersion**

22.    Sullum drove to Steven's Chiropractic on her lunch break on March 27, 2018 around 1:00.  Stevens instructed Sullum to park around the side of his building to which Sullum texted "I feel like I'm doing a drug deal."

23.    Once inside Plaintiff's chiropractic office, Sullum again asked to take clothes off. This was the second time that Sullum unilaterally mentioned taking her clothes off.

24.    No other staff or patients were present at Plaintiff's practice at the relevant time because his office was closed and no payment was exchanged or discussed.

25.    Sullum proceeded to remove all of her clothing of her own accord and laid naked on Plaintiff's massage table.

26.    During the massage, Sullum made several suggestive gestures, including touching Plaintiff's thigh. Thereafter Sullum and Stevens engaged in consensual oral sex.

**C.    Defendants <u>Manufacture</u> A Sexual Assault Case Against Plaintiff And Intentionally Withhold and/or Omit Exculpatory Evidence From The Record**

27.    Sullum left Plaintiff's chiropractic office around 1:50 p.m. and, according to Sullum, drove back to her job at Mastri Law LLC, where she worked as an office assistant and account manager.

28.    While in route to Mastri's office, Sullum called attorney Dominic Mastri and her aunt, Janine Edwards, who is a Judge in neighboring Wayne County, and falsely alleged that she was sexually assaulted.

29.    Tellingly, Sullum did <u>not</u> call the police or drive straight to the Scranton police department, which is about one block from Mastri's office.

30.     Upon information and belief, Judge Edwards thereafter used her influence to persuade Defendants, Powell and Price, to begin an intentionally biased and procedurally improper "investigation" with the goal of constructing a criminal case against Plaintiff.

31.     Several hours later, Sullum contacted Defendant Detective Chris Kolcharno at the Lackawanna County District Attorney's office and alleged that Plaintiff "became increasingly sexually aggressive while massaging her" and that Stevens "held her down" while simultaneously pleasuring himself.[1]

32.     Sullum further told Defendant Kolcharno that Plaintiff "Placed her down another time" and told her that he wanted oral sex, after which Sullum "put Steven's penis in her mouth to placate him."  Finally, Sullum claimed that "Stevens squeezed her nipple and ejaculated on her breast."

33.     Although Sullum admitted to Defendant Kolcharno that she texted and sent private messages to Plaintiff prior to the alleged incident, Sullum concealed the fact that she told Plaintiff that he was "hot" and that Sullum repeatedly asked to take her clothes off.

34.     On March 27, 2018, Defendant Kolcharno and Deputy District Attorney Mariclare Hayes, applied for a search warrant of Plaintiff's chiropractic practice.  On the same day, Defendant Kolcharno served Plaintiff with the subject warrant at his private residence.

35.     Now aware of the allegations against him, Plaintiff vehemently denied any wrongdoing, advised Defendant investigators that the subject encounter was entirely consensual.

36.     The next day, on March 28, 2018, Plaintiff, through his criminal Defense attorney, provided Defendant Kocharno and Deputy District Attorney Mariclare Hayes with the aforementioned text messages demonstrating that the subject encounter was consensual, and

---

[1] It is difficult to imagine how it would have possible for Plaintiff to hold Sullum down with one hand while she lay on a massage table while simultaneously pleasuring himself—however Kolcharno did not inquire.

more importantly, that Sullen concealed information.  Defendants intentionally disregarded the text/Facebook messages as set forth in paragraphs12 through 21 *supra* because it did not fit the narrative that they were trying to construct and were directed by Defendants Powell and Price to *intentionally omit the messages from all investigation reports and affidavits generated in this case.*

37.     Two days later, *while on vacation in Florida*, Sullum again contacted the district attorney's office and spoke with Defendant Mancuso, at which time Sullum alleged that she had a bruise on her breast due to Plaintiff squeezing it.   Defendants were aware that sullum, who was allegedly sexually assaulted, went on vacation mere hours after the alleged assault, yet did not consider this relevant.

38.     On March 29, 2018, Defendants Kolcharno and Mancuso prepared an Affidavit of Probable Cause for Plaintiff's arrest and intentionally and outrageously omitted the following facts that were known to Defendants as of March 29, 2018:

        a.     That Plaintiff denied any wrongdoing and maintained that the encounter was consensual;

        b.     That Plaintiff and Sullum engaged in extensive text messaging prior the subject encounter, including Sullum asking to take her clothe off and telling Plaintiff he was "so hot";

        c.     That Sullum concealed the substance of those texts and messages;

        d.     That Sullun repeatedly texted Plaintiff while in the presence of Detective Kolcharno in an attempt to elicit an admission which yielded clear evidence that Plaintiff unequivocally believed that the encounter was consensual.

        e.     That Sullum was known to Lackawanna County criminal justice system as having previously lied to police in connection with domestic disputes with her boyfriend, Leonard Santarsiero ("Lenny"), three months prior to the encounter underlying the present action.

39.     Despite preparing the affidavit of probable cause on March 29, 2018, Defendants

did not *file* the affidavit or seek a warrant for Plaintiff's arrest <u>for over eight (8) months</u>. This is necessarily because Defendants knew that there *was no* probable cause to arrest Plaintiff, otherwise, Defendants would have sought to remove an alleged dangerous sex offender from the streets.

40.     During this eight month time period, Defendants, including the District Attorney's Office, began an outrageously haphazard and intentionally deficient investigation in which they deliberately chose not to speak with Sullum's employer, attorney Mastri, who was known to be the first person Sullum allegedly spoke to following the alleged encounter.

41.     Indeed, the only additional evidence that Defendants <u>did</u> obtain in the eight months since Sullum falsely accused Plaintiff were Facebook messages from Sullum to Plaintiff in which Sullum sent Plaintiff "drunk messages" and told Plaintiff he was "so hot." *Defendants, including the District Attorney's Office, did not add this information to the previously drafted, but unfiled, affidavit of probable cause or any other investigation reports.*

42.     Then, in late November of 2018, Defendant Judy Price communicated with Judge Janine Edwards who, upon information and belief, prodded Defendants Powell and Price to continue their "investigation" in support a case against Plaintiff.

43.     On November 26, 2018 Defendants filed the affidavit of probable cause that they prepared eight months earlier on March 29, 2018, without changing, adding or otherwise altering the affidavit in any manner whatsoever, and omitting Sullum's provocative exculpatory text messages to Plaintiff.[2]

44.     In so doing, Defendants intentionally ignored independent exculpatory evidence and substantial evidence of the witness, Sullum's, own unreliability.

---

[2] A Criminal Complaint was also prepared and filed by DDA, Sara Varela, November 20, 2018.  It is unclear why the Criminal Complaint was filed before the subject affidavit of probable cause, or if this is even possible, procedurally.

45.     A warrant was issued for Plaintiff's arrest on November 26, 2018 based upon the materially false affidavit of probable cause.

46.     On November 26, 2018, Plaintiff turned himself in the police and was in custody for several hours before being permitted to leave.

47.     Four days later, on November 30, 2018, Sullum continued her run-ins with local law enforcement and again blatantly lied to police with respect to another domestic dispute with her boyfriend, Lenny.

48.     In this most recent incident, Sullum, who was intoxicated, broke into Lenny's home and physically assaulted Lenny and a another woman inside Lenny's home; specifically, Sullum *pressed a gun to Lenny and the other woman's head* and punched them both in the face, all while Sullum's five year old daughter was outside in Sullum's car.  Sullum thereafter lied repeatedly to police regarding the subject incident.

49.     Responding officers documented Sullum's untruthfulness regarding the November 30, 2018 incident in reports, yet neither Defendant Kolcharno nor Mancuso added this information to the ongoing criminal investigation in Plaintiff, John Stevens', case.

50.     Moreover, Defendants Powell and Price did not charge Sullum with a crime for holding a gun to two peoples' heads.  This is because Defendants Powell and Price made the administrative decision to delay or outright preclude any criminal prosecution of Sullum while Plaintiff's case was still pending.

**D.      Defendants Price and Powell Choreograph and Manufacture A False Narrative To Explain Sullum's Pattern of Lies After Investigating Her History.**

51.     Plaintiff's case was assigned to DDA Sara Varela, who was aware of Sullum's prior false statements to police, as were all those in the District Attorney's office.

52.     According to January 4, 2019 handwritten notes from Attorney Varela, she "expressed to Judy Price that she had serious issue with victims [Sullum's] credibility"—that "we have multiple police reports documenting incidents in which victim has lied to police—and expressed these concerns to Judy [Price] after this A.M.'s staff meeting."  Varela went on to state the following:

> "Judy Price advised me that she discussed with Mark Powell plan to send victim to rehab for alcoholism and that PTSD from incident is causing the victim to lie to police; Judy said Mark thought it was a great idea—I responded that victim has not been diagnosed with PTSD; Judy said she can get diagnosis and that will explain the lies to the police and she has alcoholism and needs help; I responded that I don't believe it is our job as prosecutors to manufacture diagnosis to try and salvage victims credibility and that Jess Sullum has no credibility with DA's office at this point; I advised I thought it best to sit down with Mark Goffer [Stevens' Attorney]; Judy was very hostile and left area by Kelly's desk and slammed her door.  Also discussed impropriety of manufactured PTSD as thing causing victim to lie--- Unethical!!!!.  Asked Michelle Mancuso to write a supplemental report on her conversation with Sullum regarding November 30, 2018 incident at Lenny's house."[3]

53.     In spite of Varela's protest, Price and Powell moved forward with their plan and administratively reassigned to the case to another deputy prosecutor.  Defendants, Price and Powell's, surreptitious manufacturing of a completely fabricated false narrative, and their pressuring of a subordinate to carry it out, is not prosecutorial in nature.

54.     <u>Creating evidence</u> of PTSD where none exists moving files from one deputy to another to avoid ethical road blocks cannot under any circumstance be defined as intimately associated with the judicial phase of the criminal process.

55.     Defendants Powell and Price concealed their tactics from the court and the defense and played the detective's role by generating specious evidence.  Defendants' generation of false

---

[3] Pursuant to DDA Varela's directive, Defendant Mancuso wrote a letter addressed to Varela detailing Sullum's untruthfulness, but did <u>not</u> write a supplemental report in Plaintiff's criminal case.

evidence facilitated and caused the filing of a Criminal Information against Plaintiff on March 27, 2029, formally charging Plaintiff with various counts of sexual assault.

56.     Defendant Powell went further outside of prosecutorial duties and, as late as June 2019, personally contacted the Pennsylvania Office of Enforcement and Investigation in an effort to suspend Plaintiff's chiropractic license.  Powell intentionally mispresented the facts (see above) of the subject encounter and withheld exculpatory evidence in providing information to the Pennsylvania Office of Enforcement and Investigation.

57.     As a result of Defendant Powell's actions outside of is prosecutorial duties, Plaintiff's chiropractic license was suspended.

58.     Defendants Powell, Price and the Lackawanna Prosecutor's Office, compounded and exacerbated the multitude of false narratives, misinformation and derelict investigation when they contacted various news outlets and falsely accused Plaintiff of sexual assault--even going so far as state that, "whether its consensual of not, it's improper."

59.     As with Defendants' affidavit of probable cause, Defendants did NOT advise those same news outlets of the exculpatory text messages and other evidence suggesting that the encounter was entirely consensual.

**E.     Judge Edwards Refuses to Speak to Investigators**

60.     On May 20, 2019, after Plaintiff's criminal defense attorney repeatedly advised Defendants that their continued prosecution of Plaintiff was beyond the pale, Defendant Kolcharno interviewed Sullum's employer, Attorney Anthony Mastri.

61.     Mastri stated that on the day of the alleged sexual assault, Sullum told him that "she had broken up with her boyfriend, Lenny, and was angry, and that she was going to do something irrational."

62.     Mastri further confirmed what Sullum testified to at Steven's preliminary hearing, that Sullum twice called her aunt, Judge Janine Edwards, on the day of the alleged assault and that Sullum was asked Mastri about a civil lawyer to sue Stevens.

63.     Boxed into a corner, Kulcharno had no choice but to attempt to speak with Judge Janine Edwards.  However, after initially agreeing to speak with Kulcharno on May 22, 2019, Judge Edwards cancelled and "refused to speak with Detective Kulcharno regarding the situation."

64.     Shortly thereafter, on July 21, 2019, Defendant, Lackawanna District Attorney's office, filed a motion "Nolle Prosequi" abandoning and dismissing the case against Plaintiff, alleging that at some point after March 20, 2019, Defendant investigators, which includes District Attorneys, learned of <u>additional</u> information and expressed concerns regarding the credibility of the evidence."[4]

**F.     Motive and Intent**

65.     Sullum's employer at the relevant time, Anthony Mastri, stated to investigators that Sullum inquired as to whom she should retain to bring a civil lawsuit against Plaintiff, Stevens.

66.     Upon information and belief, Sullum allegations were nothing more than a means to file a frivolous lawsuit for monetary gain.

67.     Further, in 2015, Plaintiff was involved in a contentious lawsuit with Powell Law, ("The Powell Firm") which sued Plaintiff in connection with a frivolous workers compensation lawsuit on behalf of a convicted felon.  Stevens aggressively fought the lawsuit, spending over $20,000 of his own money due to lack of insurance coverage; after winning, Steven's refused to

---

[4] It is difficult to imagine what <u>additional</u> information could be discerned after March 20, 2019 other than Judge Janie Edward's refusal to speak with Detectives concerning her involvement.  Recall that Defendants investigated Plaintiff for over a year before filing charges.

work with or treat any patient that The Powell law firm represented, resulting in the Powell firm losing many clients and substantial revenue.

68.     Upon information and belief, Defendant Powell prosecuted Plaintiff, in part, in retaliation for Plaintiff's disparaging comments about, and refusal to work with, The Powell Firm.

## COUNT I
## PLAINTIFF V. ALL DEFENDANTS
## MALICIOUS PROSECUTION under 42 U.S.C. 1983

69.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

70.     Defendants instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights.

71.     The criminal proceedings were terminated in favor of Plaintiff.

72.     Defendant knew that the criminal charges against Plaintiff were unwarranted.

73.     As a direct and proximate result of the actions of Defendants, Plaintiff was falsly held against his will, expended monies including attorneys' fees in defense of the criminal charges against him, suffered irreparable harm to his reputation and was prohibited from operating his business.

74.     Plaintiff was also deprived of his liberty.

75.     The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

76.     The actions of Defendant aforesaid constitute malicious prosecution, in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.      Award reasonable costs and attorneys' fees;

d.      Award punitive damages; and

e.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## PLAINTIFF V. ALL DEFENDANTS
## MALICIOUS USE AND ABUSE OF PROCESS under 42 U.S.C. 1983

77.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

78.     Defendants continued to falsely testify against Plaintiffs at the criminal trial, without probable cause and with malice, in violation of Plaintiff's constitutional rights.

79.     Defendant knew that the criminal charges against Plaintiff were unwarranted and that their testimony was false.

80.     As a direct and proximate result of the actions of Defendants, Plaintiff was Confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him, suffered irreparable harm to his reputation and was prohibited from

operating his business.

81.     Plaintiff was also deprived of his liberty.

82.     The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

83.     The actions of Defendant aforesaid constitute malicious use and abuse of process, in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.      Award reasonable costs and attorneys' fees;

d.      Award punitive damages; and

e.      Grant any other relief this Court deems just and proper under the circumstances.

**COUNT III**
**PLAINTIFF V. DEFENDANTS SULLUM, KOLCHARNO and MANCUSO**
**FALSE ARREST under 42 U.S.C. 1983**

84.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

85.     Plaintiff was arrested by defendants without probable cause for said arrest.

86.     As a direct and proximate result of the actions of Defendants, Plaintiff was

Confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him suffered irreparable harm to his reputation and was prohibited from operating his business.

87.    Plaintiff was also deprived of his liberty.

88.    The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

89.    The actions of Defendant aforesaid constitute false arrest, in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.    Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.    Award reasonable costs and attorneys' fees;

d.    Award punitive damages; and

e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT IV
## PLAINTIFF V. DEFENDANTS SULLUM, KOLCHARNO and MANCUSO
## FALSE IMPRISONMENT under 42 U.S.C. 1983

90.    Plaintiff incorporates by reference herein as though recited verbatim at length the

allegations of the preceding paragraphs.

91.    Plaintiff was imprisoned by defendants without probable cause for said imprisonment.

92.    As a direct and proximate result of the actions of Defendants, Plaintiff was incarcerated, expended monies including attorneys' fees in defense of the criminal charges against him and was terminated from his employment.

93.    Plaintiff was also deprived of his liberty.

94.    The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

95.    The actions of Defendant aforesaid constitute false imprisonment, in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.    Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.    Award reasonable costs and attorneys' fees;

d.    Award punitive damages; and

e.    Grant any other relief this Court deems just and proper under the circumstances.

## COUNT V
## PLAINTIFF V. ALL DEFENDANTS
## CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 USC 1985

96.     Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

97.     Defendants conspired to violate Plaintiffs' civil rights, as set forth above.

99.     The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

100.    The actions of Defendant aforesaid constitute false imprisonment, in violation of

101.    Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.      Award reasonable costs and attorneys' fees;

d.      Award punitive damages; and

e.      Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VI
## PLAINTIFF V. SULLUM
## COMMON LAW MALICIOUS PROSECUTION

102.    Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

103.    Defendants instituted criminal proceedings against Plaintiff without probable cause and with malice, in violation of Plaintiff's constitutional rights.

104.    The criminal proceedings were terminated in favor of Plaintiff.

105.    Defendant knew that the criminal charges against Plaintiff were unwarranted.

106.    As a direct and proximate result of the actions of Defendants, Plaintiff was falsly held against his will, expended monies including attorneys' fees in defense of the criminal charges against him, suffered irreparable harm to his reputation and was prohibited from operating his business.

107.    Plaintiff was also deprived of his liberty.

108    The above actions of the defendants were as a result of the policies, practices and/or customs of the Lackawanna County and Lackawanna County District Attorney's Office.

109.    The actions of Defendant aforesaid constitute malicious prosecution, in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.      Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.      Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay,

loss of life's pleasures, loss of reputation, benefits, emotional distress and
other damages;

c.      Award reasonable costs and attorneys' fees;

d.      Award punitive damages; and

e.      Grant any other relief this Court deems just and proper under the
circumstances.

## COUNT VII
## PLAINTIFF V. JESSI SULLUM
## COMMON LAW MALICIOUS USE AND ABUSE OF PROCESS

110.    Plaintiff incorporates by reference herein as though recited verbatim at length the
allegations of the preceding paragraphs.

111.    By making a charge before a public official or body in such form as to require the
official or body to determine whether process shall or shall not be issued against Plaintiff,
Sullum initiated or procured the institution of criminal proceedings.

112.    Sullum did so without probable cause and primarily for a purpose other than that
of bringing Plaintiff to justice.

113.    The proceedings have terminated in Plaintiff's favor.' " *Id.* (quoting Section 653
cmt. c).

114.    Defendant, Sullum, continued to falsely testify against Plaintiff in court
without probable cause and with malice, in violation of Plaintiff's rights.

115.    Defendant knew that the criminal charges against Plaintiff were unwarranted and
that her testimony was false.

116     As a direct and proximate result of Defendant, Sullum's, actions, Plaintiff was

Confined against his will, expended monies including attorneys' fees in defense of the criminal charges against him, suffered irreparable harm to his reputation and was prohibited from operating his business.

117. Plaintiff was also deprived of his liberty.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a. Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c. Award reasonable costs and attorneys' fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT VIII
## PLAINTIFF V. MARK POWELL
## TORTIOUS INTERFERANE WITH EMPLOYMENT/ECONOMIC ADVANTAGE

118. Plaintiff incorporates by reference herein as though recited verbatim at length the allegations of the preceding paragraphs.

119. Plaintiff's ability to maintain his professional chiropractic license confers a reasonable expectation of economic advantage to plaintiff.

120.    Defendant Powell's active role in transmitting false information about Plaintiff to the Pennsylvania Department of State--while Plaintiff maintained his innocence—and which caused Plaintiff to temporarily lose his license was done intentionally and with malice.

121.    As a result of Powell's tortious interference, which was not part of Powell's prosecutorial duties, Plaintiff suffered severe loss of prospective patients/clients and actual lost revenue.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a.    Enter a declaratory judgment that Defendant's acts complained of herein have violated and continue to violate the rights of Plaintiff.

b.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

c.    Award reasonable costs and attorneys' fees;

d.    Award punitive damages; and

e.    Grant any other relief this Court deems just and proper under the circumstances.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/Joseph P. Guzzardo, Esq.*
Joseph P. Guzzardo, Esq.
Counsel for Plaintiff
Guzzardo & Associates LLC

114 Fairmount Avenue
Philadelphia, PA
jguzzardo@guzzardolaw.com
215-718-6691