UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN STEVENS,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:20-1911** |
| : | |
| **v.** : | **(JUDGE MANNION)** |
| : | |
| **JESSI SULLUM,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

**I.   BACKGROUND**

John Stevens, a chiropractor, was arrested and charged with various counts of sexual assault regarding an acquaintance and one of his patients, Jessi Sullum, by detectives of the Lackawanna County District Attorney's ("DA") Office. The charges were dismissed prior to trial. Stevens has filed the instant civil rights action pursuant to 42 U.S.C. §1983, naming as defendants Sullum, Michelle Mancuso, Chris Kolcharno, Lackawanna County DA Mark Powell, and Assistant District Attorney ("ADA") Judy Price. Also named as a defendant, based upon municipal liability under Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018 (1978), is Lackawanna County. Mancuso, Kolcharno, Powell and Price shall hereinafter be referred to as "DA defendants."

1

In his amended complaint, (Doc. 9), Stevens asserts claims under §1983 for malicious prosecution, abuse of process, false arrest, and false imprisonment, and he alleges violations of his rights under the 4th, 5th and 14th Amendments. (Counts I-IV).[1] Stevens also raises a claim for conspiracy to violate his civil rights under §1985. (Count V). Additionally, Stevens raises state law claims against Sullum for malicious prosecution and abuse of

---

[1] Unfortunately, the amended complaint has multiple errors which can be summarily addressed. Counsel is encouraged to be more careful in the future to avoid unfounded claims. Stevens mistakenly asserts violations of his rights under the 5th Amendment. Since they are no federal officials named as defendants, plaintiff has no claim under the 5th Amendment. *See* Moore v. Richman, 797 F.Supp.2d 572, 580 (W.D. Pa. 2011) ("Plaintiff's claim alleging that the [] Defendants committed violations of the Fifth Amendment must fail because 'the Fifth Amendment restricts the actions of federal officials, not state actors.'") (citation omitted). As such, all of Stevens' claims to the extent that they are based on the 5th Amendment are dismissed with prejudice.

Further, insofar as Stevens seeks punitive damages against the County in Counts I, II and V, these claims are dismissed with prejudice. The Supreme Court has held that a municipality is immune from punitive damages under §1983. *See* City of Newport v. Fact Concerts, Inc., 453 US 247, 271 (1981). Further, to the extent Stevens is suing the individual DA defendants in their official capacity, they are also immune from punitive damages. *See* K.A. ex rel. J.A. v. Abington Heights Sch. Dist., 28 F.Supp.3d 356, 378 (M.D. Pa. 2014).

Additionally, insofar as Stevens raises his claims under §1983 against DA defendants in their official capacity, they are subject to dismissal with prejudice because these claims are viewed as claims against the County. *See* Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity .... It is not a suit against the official personally, for the real party in interest is the entity."); Monell, 436 U.S. at 691 n. 55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")). Thus, all of Stevens' claims under §1983 against DA defendants in their official capacity are dismissed with prejudice.

process, as well as a state law claim for tortious interference with contractual relations against Powell. (Counts VI-VIII).

On December 30, 2020, the County and DA defendants filed a motion to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(6), arguing, in part, that they are entitled to absolute and qualified immunity. (Doc. 11).

Also, on December 30, 2020, Sullum filed a Rule 12(b)(6) motion to dismiss. (Doc. 13).

Defendants filed briefs in support of their motions as well as Exhibits.

Stevens requested an extension of time to file his briefs in opposition to the motions, and the court granted his request giving him until February 5, 2021 to file his briefs. (Docs. 14 & 15).

On January 8, 2021, the County and DA defendants filed a motion for a protective order, pursuant Fed.R.Civ.P. 26(c)(1), seeking the court to stay discovery pending a decision on their motion to dismiss based on their contentions that they are entitled to immunity. (Doc. 16). Defendants simultaneously filed their brief in support. (Doc. 17). Sullum concurred in the motion.

On January 11, 2021, Stevens filed his brief in opposition to the motion for protective order. (Doc. 18).

Both sides filed Exhibits, including copies of Stevens' subpoenas to conduct depositions on January 21, 2021.

For the reasons discussed below, the motion for protective order of the defendants will be **DENIED**.

## II.     STANDARD

> Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a motion to dismiss only on a showing of "good cause" by the party requesting the stay. Gerald Chamales Corp. v. Oki Data Americas, Inc., *et al.*, 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed.R.Civ.P. 26(c) may only be issued if 'good cause' is shown."); Fed.R.Civ.P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see* Perelman v. Perelman, 2011 U.S. Dist. LEXIS 85470, at *2–3, 2011 WL 3332040 (E.D.Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted). It is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." Chamales, 247 F.R.D. at 454; *see* Fed.R.Civ.P. 26(d)(2)(A) ("[M]ethods of discovery may be used in any sequence ....").

Newsome v. City of Newark, 2014 WL 1767562, *1 (D. N.J. May 2, 2014).

Moreover, "courts generally do not favor granting motions to stay discovery 'because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Id.* (internal citations omitted). Further, the court "maintains wide discretion to manage discovery issues and enter stays where good cause has been shown." *Id.* (citations omitted).

In cases like the instant one where immunity defenses are raised, "the Supreme Court has admonished that '[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed.'" *Id.* at *2 (citing

4

Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985)). Thus, while discovery is to be avoided if possible when defendants raise immunity defenses to plaintiff's claims, discovery should proceed if plaintiff's allegations "state a claim of violation of clearly established law."

### III.    DISCUSSION

At issue is whether the court should grant DA defendants' motion for protective order to stay discovery pending disposition of their motion to dismiss Stevens' false arrest, false imprisonment and malicious prosecution claims based, in part, on the contention they are entitled to absolute and qualified immunity.

The DA and ADA may be entitled to absolute immunity to the extent that their actions involved instituting criminal proceedings against Stevens and continuing those proceedings. *See* Spiker v. Allegheny Co. Bd. Of Prob & Parole, 920 F.Supp.2d 580, 600 (W.D. Pa. 2013). However, the DA and ADA may not be entitled to absolute immunity (but may be entitled to qualified immunity after discovery) for pre-arrest advice and for their

involvement with the detectives' actions taken regarding Stevens' arrest. *Id.* (citing Walker v. Clearfield Cnty. Dist. Attorney, 413 Fed.Appx. 481, 483 (3d Cir. 2011) (holding "to the extent that [the plaintiff's] complaint concerns [the prosecutor's] pre-indictment investigation of the allegations against [the plaintiff], [the prosecutor] is entitled only to qualified immunity. By contrast, [the prosecutor] is entitled to absolute immunity ... based on the decision to prosecute.").

"Courts have held that the determination whether the giving of advice or direction to the police is a core prosecutorial function depends upon whether the advice or direction was given before or after the filing of charges." Spiker, 920 F.Supp.2d at 600 (citations omitted). "[T]he Supreme Court [has] held absolute immunity does not extend to the prosecutorial function of giving advice to the police prior to an arrest or indictment." *Id.* (citing Burns, 500 U.S. at 496). In Burns, the prosecutor gave police officers advice with respect to whether they had probable cause to arrest the plaintiff prior to charges being filed against her and the Court held the prosecutor was not entitled to absolute immunity for giving such advice to the police. *See id. See also* Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008) (holding that DA not entitled to absolute immunity for "investigatory actions unrelated to initiating and conducting judicial proceedings").

Here, while the DA defendants' motion to dismiss is not yet ripe, based upon the court's review of Stevens' pleading and the motion, it appears that his factual allegations, accepted as true and viewed in a light most favorable

6

to him, may "state a claim of violation of clearly established law." *See* Groman v. Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) ("To make a prima facie case under §1983, the plaintiff must demonstrate that a person acting under color of [state] law deprived him of a federal right."). *See also* Clifton v. Borough of Eddystone, 824 F.Supp.2d at 622 ("A state official with qualified immunity has no civil liability for discretionary conduct so long as he does 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)).

Stevens appears to raise sufficient allegations against DA defendants to plausibly show that it would have been clear to reasonable officers in their position that their conduct violated clearly established 4th Amendment rights.

In his amended complaint, Stevens alleges DA defendants violated his constitutional rights under the 4th and 14th Amendments. Specifically, Stevens alleges instances of prosecutorial misconduct by the DA and the ADA that, if proven, would not entitle them to absolute immunity under the Burns case, including his allegations that the defendant prosecutors had detectives file criminal charges against him at the behest of Judge Edwards and that the Judge and ADA Price communicated shortly before defendant detectives filed the affidavit of probable cause for his arrest. Since Stevens alleges that Sullum lied about being sexually assaulted by him and then called her aunt, Judge Edwards, and that the prosecutors gave the detectives advice about arresting him, in part based on Edwards' behest, his amended

7

complaint appears to allege facts sufficient to make absolute immunity undeterminable at this time. Also, the DA defendants may not be entitled to immunity regarding Stevens' allegations that they manufactured evidence that Sullum suffered from PTSD to try and explain her lying to police about her sexual assault claims, especially since Stevens alleges that the defendants manufactured the evidence prior to filing the Criminal Information against him. (*See* Doc. 18-1).

## IV.    CONCLUSION

The DA defendants' motion for a protective order, **(Doc. 16)**, staying discovery pending resolution of their motion to dismiss Stevens' amended complaint is **DENIED** and, discovery shall continue pursuant to the court's scheduling order, **(Doc. 22)**.

All of Stevens' claims under §1983 against the DA defendants, to the extent that they are asserted against them in their official capacity, are **DISMISSED WITH PREJUDICE**.

Stevens' claims for punitive damages against Lackawanna County, and against the DA defendants in their official capacity, are **DISMISSED WITH PREJUDICE**.

Stevens' claims for violations of his rights under the 5th Amendment are **DISMISSED WITH PREJUDICE**.

The motions to dismiss (Docs. 11 &13) will be decided separately, at a later time, as they are not yet ripe. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 14, 2021**
20-1911-01