UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN STEVENS,

        Plaintiff,

v.

JESSI SULLUM, et al.,

        Defendants.

CIVIL ACTION NO. 3:20-CV-01911

(MANNION, J.)
(MEHALCHICK, M.J.)

**MEMORANDUM**

Plaintiff John Stevens ("Stevens") initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983 on October 16, 2020, against Defendants Jessie Sullum, Lackawanna County, District Attorney Mark Powell and Assistant District Attorney Judy Price ("DA Defendants"), Detective Michelle Mancuso, Detective Chris Kolcharno, and Dominic J. Mastri, III (collectively, "Defendants"). (Doc. 1). Presently before the Court are a number of discovery disputes. The parties appeared before the Court in a telephonic discovery call on May 4, 2023. The undersigned will now address each issue in turn.

I.     STANDARD OF REVIEW

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

II. DISCUSSION

A. FORENSIC COMPUTER SEARCH

On September 9, 2022, the undersigned entered an Order granting Plaintiff's request to obtain an independent forensic computer expert to conduct a search of Defendants' server to search and produce emails from all accounts used in connection with Plaintiff's case, including any relevant emails from Defendants' computers, hard drives, storage devices, and any other devices that have a reasonable likelihood of containing discovery data. (Doc. 84). On May 2, 2023, Plaintiff filed a letter with the Court requesting that the Court address the process of the forensic electronic discovery search. (Doc. 168). The parties cannot agree as to how the forensic discovery search shall be conducted by Plaintiff's forensic computer expert. (Doc. 168-1).

Upon review of the parties' arguments and relevant caselaw, the Court provides the following procedure to be followed:

1. Defendants are to provide Plaintiff's independent computer forensics expert, via upload to CyFi's Microsoft Azure portal, with the following data files: (1) all electronic communication sent to or from Judy Price, Mark Powell, Chris Kolcharno, and Michelle Mancuso, from the period of March 27, 2018, through December 1, 2020; and (2) all emails, electronic communication, and text messages sent to or from Judge Janine Edwards to or from Judy Price, Mark Powell, Chris Kolcharno, and Michelle Mancuso from the period of March 27, 2018, through December 1, 2020. (Doc. 168-1, at 3).

2. Plaintiff's independent computer forensics expert must agree to and sign a confidentiality order.

3. Counsel will provide the list of the agreed upon search terms to the independent computer forensics expert and the expert will apply the search terms to the uploaded documents.

4. The results of the search and electronic copies of the documents responsive to the search terms will be provided to Defendants' counsel.

5. Within 14 days thereafter, Defendants are directed to review the search results provided by the independent expert and identify all documents

    responsive to Plaintiff's forensic computer search terms, except for any documents withheld on grounds of privilege. Any withheld documents are to be identified on a privilege log provided to Plaintiff's counsel.

6. If the privileged nature of documents identified on the privilege log remain in dispute, counsel is to provide the Court with a copy of the privilege log and the disputed documents so that the Court may make an *in camera* review and determination of the applicability of any asserted privilege.

### B. RE-DEPOSITION OF MANCUSO

Upon receiving the newly-produced emails from Defendants, including an email from Defendant Jessi Sullum to Defendant Michelle Mancuso dated May 23, 2019, regarding photographs of Defendant Sullum depicting bruising she claimed resulted from the assault by Plaintiff, Plaintiff now requests the opportunity to re-depose Mancuso. (Doc. 162, at 2-3). Plaintiff contends that he was unable to ask Mancuso about this email at her deposition on April 19, 2022, and demands the opportunity to question Mancuso as to why she failed to produce the May 23, 2019, email despite being in possession of the subject communication. (Doc. 162, at 2). Counsel for Mancuso objects to her re-deposition, arguing that Mancuso fulfilled her discovery requirements by searching her phone and work computer for responsive documents and producing any responsive documents. (Doc. 167, at 1-2). Counsel for Mancuso maintains that a re-deposition is not necessary because Mancuso has fully complied with all discovery requests and that Plaintiff has already questioned Sullum about the referenced photographs. (Doc. 167, at 1).

Where the parties have not stipulated to a deposition and the proposed deponent has already been deposed, a party must obtain leave of court to depose that individual. Fed R. Civ. P. 30(a)(2)(A)(ii). "[T]he court must grant leave to the extent consistent with Rule

26(b)(1) and (2)." Fed R. Civ. P. 30(a)(2)(A)(ii). "Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *York Grp., Inc. v. Pontone*, No. 2:10-CV-1078-JFC, 2012 WL 12895532, at *1 (W.D. Pa. Sept. 27, 2012) (citing *Bonnie & Co. Fashions, Inc. v. Banker's Trust Co.*, 945 F. Supp. 693, 732 (S.D.N.Y. 1996)).

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

While the discovery sought by Plaintiff is not outside the scope permitted by Fed. R. Civ. P. 26(b)(1), the Court finds that this discovery can be obtained in a more convenient and less burdensome manner. Specifically, given the extended period of time that the parties have been engaged in the discovery and the impending fact discovery deadline, the Court finds the

service of written interrogatories is, at this time, a more convenient and less burdensome manner in which to proceed with the discovery sought by Plaintiff. Thus, Plaintiff is granted leave to serve an additional 15 supplemental written interrogatories upon Mancuso concerning the recently produced May 23, 2019, email. *See* Fed. R. Civ. P. 33(a). To the extent that the parties believe any follow-up discovery is necessary, the Court anticipates that the parties will first confer in an attempt to reasonably address such issues prior to seeking Court intervention.

      C.  RE-DEPOSITIONS OF ATTORNEY POWELL AND ATTORNEY PRICE

In a letter filed with the Court on May 3, 2023, counsel for DA Defendants, Attorney Scanlon, requests that the Court address the acceptable limits of topics to be discussed in the re-depositions of Attorney Powell and Attorney Price. (Doc. 169). At the telephonic discovery call, the parties raised an additional issue as to whether Plaintiff may ask the deponents questions about the memorandum drafted by Attorney Powell (the "Powell Memo" or "Memo"), which has been discussed at length during discovery. DA Defendants concede that Plaintiff may ask Attorney Powell questions about the Memo because he is the author, but Defendants argue that Plaintiff may not ask Attorney Price similar questions because she was not involved in any way with the drafting of the Powell Memo and has no personal knowledge about the contents of the Memo. Conversely, Plaintiff argues that he may ask Attorney Price about the Memo because her name is mentioned several times throughout the document.

      At the onset, given that the forensic computer search has not been completed as of the date of this Memorandum and Order, the Court notes that the parties have agreed to reschedule the re-depositions until after the search is complete in an effort to simplify and

streamline the discovery process. Regarding questioning that relates to the Powell Memo, the Court finds that Plaintiff's potential questions about the Powell Memo to Attorney Price are not obviously and immediately objectionable. Therefore, Plaintiff will be allowed to ask the deponents about the Powell Memo, but the Court emphasizes that counsel is expected to accept the answers provided and avoid any behavior that may harass, intimidate, or badger the deponent. Finally, regarding DA Defendants' request that Plaintiff's counsel provide all counsel of record the emails and documents that he will utilize in the re-depositions of Attorney Powell and Attorney Price prior to the deposition date, the Court notes that Plaintiff did not raise an objection to this request. Thus, Plaintiff will be directed to provide all counsel of record any documents that he intends to introduce in the subject re-depositions within a reasonable time before the date of the subject deposition.

    D.  S<small>ANCTIONS</small>

In addition, Plaintiff seek sanctions under Rule 26(g) of the Federal Rules of Civil Procedure, arguing that "Defendants belatedly and strategically produced new emails on April 4, 023 that directly contradict Defendant Mancuso's answers to interrogatories, and which again demonstrates Defendants' willful failure to accurately respond to Plaintiff's electronic discovery requests." (Doc. 163, at 3). Specifically, Plaintiff seeks sanctions for the fees and expense associated with the re-deposition of Defendant Mancuso. (Doc. 163, at 3). In addition, Plaintiff seeks sanctions for all costs associated with Plaintiff's forensic computer examination. (Doc. 163, at 3).

Rule 26(g) imposes an absolute obligation of reasonable inquiry on counsel, and requires imposing sanctions on either or both counsel and parties where discovery responses

7

are unreasonable or otherwise inconsistent with the Federal Rules of Civil Procedure. Rule 26(g) provides in relevant part:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> (B) with respect to a discovery request, response, or objection, it is:
>
>    (i)    consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
>    (ii)   not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
>    (iii)  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
> . . .
>
> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g).

As to what Rule 26(g) sanction to impose, this is left to the Court's discretion; the Rule merely provides that the sanction be "appropriate." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 51 (1991).

"The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D.

169, 175 (M.D. Pa. 2002). "While the Third Circuit has not directly addressed this 'substantial justification' standard, *see Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 140 n. 23 (3d Cir. 2009), district courts in this circuit have defined 'substantial justification' as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with this disclosure request.'" *Ely v. Cabot Oil & Gas Corp.*, Civ. No. 3:09-CV-2284, 2016 WL 4169197, at *2 (M.D. Pa. Feb. 17, 2016) (quoting *Tolerico*, 205 F.R.D. at 175). Aside from attorney's fees, an appropriate sanction in such circumstances may include reopening a deposition in order to fully question the deponent regarding the untimely disclosed materials.[1] *See e.g., Newill v. Campbell Trans. Co., Inc.*, 2013 WL 6002349, at *7 (W.D. Pa. Nov. 12, 2013) (holding that reopening deposition and imposing costs on party which failed to conduct a reasonable investigation into existence of relevant documents was appropriate sanction).

---

[1] The Court notes that parties remain under an ongoing duty to supplement their responses. Rule 26(e) provides:

(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. P. 26(e).

> As a general matter,
>
>> Sanctions should not be awarded . . . if the failure to disclose or supplement was substantially justified. "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." Further, "a failure to disclose is considered harmless 'when there is no prejudice to the party entitled to disclosure.'"
>
> *Vogt v. Wetzel*, No. CV 17-1407, 2022 WL 3348889, at *2 (W.D. Pa. Aug. 12, 2022) (citing *Vay v. Huston*, No. 14-769, 2016 WL 1408116, at *5 (W.D. Pa. Apr. 11, 2016) (internal citations omitted)).

At the onset, Plaintiff provides no citation in support of his application of Rule 26(g) in the instant matter and provides no analysis as to how the rule applies to the circumstances of this case. (Doc. 163, at 3). The grant of sanction, if any, must be based on a particularized motion that advises the offending party of the form of relief that is requested so that notice and an opportunity to be heard regarding the type of sanctions to be awarded is afforded. *Vogt*, 2022 WL 3348889, at *2 (citing *Vay*, 2016 WL 1408116, at *5). On this basis alone, the Court concludes that Plaintiff has not satisfied its burden of showing entitlement to the relief requested.

To be clear, the Court does not condone intentionally or purposefully inaccurate responses to discovery. However, there is no evidence to suggest Defendants intended to provide false information in the interrogatory responses or Mancuso was not forthright in her deposition. "Rule 26(g) requires all attorneys to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of liberal discovery. Pursuant to the Rule an attorney's signature certifies that any disclosures were complete and accurate at the time they were made and that a reasonable inquiry was made." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692,

10

703 (D.N.J. 2015) (internal citations omitted). "Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants. It simply requires that a reasonable inquiry be made into the factual basis of a discovery response and that responses to discovery be complete and correct when made." *Younes*, 312 F.R.D. at 706. Here, Defendants contend they have produced supplemental discovery once any additional responsive emails were discovered and maintain that any mistake by Defendants or by counsel was not intentional. Plaintiff does not aver that he has been prejudiced by Defendants' actions and the Court finds that, since the newly produced emails were provided by Defendants upon their discovery, such prejudice is not evident. This action is not on the eve of trial, the fact discovery deadline has not passes, and it does not appear that Plaintiff has taken action on the basis of the allegedly false interrogatory and deposition responses. Further, as noted above, the Court has granted Plaintiff leave to serve supplemental written interrogatories upon Mancuso concerning the newly produced emails. Therefore, though Plaintiff alleges that he has incurred expenses and attorney's fees as a result of Defendants' actions, the Court does not find that sanctions are warranted at this time.

III. **CONCLUSION**

For the foregoing reasons, the parties are directed to complete the forensic computer examination in accordance with the procedure outlined above by the Court. In addition, Plaintiff's request to re-depose Defendant Mancuso and request for sanctions are denied. Plaintiff is granted leave to serve an additional 10-15 supplemental written interrogatories upon Mancuso concerning the recently produced May 23, 2019, email. *See* Fed. R. Civ. P. 33(a). Finally, Plaintiff is directed to provide all counsel of record any documents that he

intends to introduce in the subject re-depositions within a reasonable time before the date of the subject deposition.

      An appropriate Order follows.

BY THE COURT:

Date:  **May 8, 2023**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**